**Eddie NEAL, Appellant (Defendant Below),**

v.

**Edward C. BULLOCK, Appellee (Plaintiff Below).**

No. 41A04–8808–CV–285.

Court of Appeals of Indiana, Fourth District.

May 24, 1989.
Rehearing Denied June 30, 1989.

Richard K. Milam, Goodin & Kraege, Indianapolis, for appellant.

John A. Kitley, Jr., Kitley Professional Corp., Beech Grove, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Neal, appeals a judgment of $3,000, plus $30 in court costs, in small claims court for tortious injury to trees upon Plaintiff–Appellee's real estate. We affirm.

### Issue

The sole issue presented for our review is whether the trial court erred in awarding damages based upon the replacement value of the trees, rather than the difference in market value of the real estate as a whole.

### Facts

Eddie Neal and Edward C. Bullock were neighbors in Greenwood, Indiana. Bullock had two (2) mature apple trees in his backyard, which have been there at least since Bullock purchased the property in 1974. The trees provided shade and were aesthetically pleasing to Bullock. He used the

fruit and gave some to his neighbors, but did not sell any.

Sometime in mid–1987, Neal burned some trash in his own backyard. The fire became large and affected the trees. By the following fall, the trees were dead.

At trial, Bullock introduced into evidence an estimate from an individual who would sell to Bullock, and plant, two grown fruit-bearing apple trees with approximately six inch (6″) diameter trunks for $3,525. Bullock testified the diameter of the trunks of the dead trees had been approximately fourteen inches (14″). He also testified that, in his opinion, the replacement trees were of the same or similar quality as the dead trees had been. Neither party introduced evidence concerning the value of his real estate, either before or after the death of the trees. The trial court entered judgment in favor of Bullock in the amount of $3,000, the jurisdictional limit of the court, plus $30 court costs.

### Discussion and Decision

■ Trees, once planted and until severed, are a part of the real estate and are not considered personal property. *McKenna v. City of Fort Wayne* (1981), Ind.App., 429 N.E.2d 662. Neal argues that the sole measure of damages for injury to real estate is the difference in the market value of the real estate before and after the injury.

■ We disagree. In *General Outdoor Advertising Co., Inc. v. La Salle Realty Corp.* (1966), 141 Ind.App. 247, 218 N.E.2d 141, this court held that the measure of damages, in a case of injury to the real estate, depends upon a determination of whether the injury is "permanent" or "temporary." A permanent injury is one in which the cost of restoration of the property to its pre-injury condition exceeds the market value of the real estate prior to injury. A temporary injury is one which is not defined as permanent. *Id.*

■ The burden of establishing the market value of the real estate is on the party seeking to invoke a market value formulation of damages. In *General Outdoor*, Judge Hunter reasoned that it must be assumed the owner, in seeking the costs of restoration as damages, must have considered the real estate to be repairable and not permanently damaged. He demonstrated that the burden of proof should be allocated as follows:

> Indeed it would seem strange to require a party to carry the burden of proof as to a fact which might be adverse to his cause. Consequently, if the appellant [the tortfeasor] was of the opinion that the building was permanently damaged, the burden was upon it to demonstrate such and failing to do so, the appellant has waived this question. *Id.* 141 Ind.App. at 269, 218 N.E.2d at 152, 153.

Judge Hunter further adds that a plaintiff in such a case has carried his burden of proof by the admission into evidence of the costs of restoration. *Id.* 141 Ind.App. at 269, 218 N.E.2d at 153.

■ We hold that the rule in *General Outdoor* applies to trees, just as it would to any other injury to real estate. Neal introduced no evidence concerning the market values of Bullock's property. Accordingly, he has waived the issue of permanency of the injury. Bullock sustained his burden of proof by establishing the costs of restoration. The judgment of the trial court was proper and should be affirmed.

CONOVER and SHIELDS, P.JJ., concur.